UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY WAYNE YOUNG,            )
                              )
        Petitioner,            )
                              )
    v.                         )         CAUSE NO. 3:19CV9-PPS/MGG
                              )
WARDEN,                        )
                              )
        Respondent.            )

OPINION AND ORDER

Jerry Wayne Young was docked thirty days of earned credit time after being found guilty of threatening a prison caseworker in violation of Indiana Department of Correction policy B-213. ECF 1 at 1. Representing himself, he now seeks habeas relief from that finding.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

Review is exceedingly light. The decision needs only to have "some" support in the record. The Seventh Circuit has gone so far as to say that "(e)ven meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." W*ebb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). I am also prohibited from re-weighing the evidence when reviewing the administrative finding. As the Seventh Circuit instructs, "It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision." *Id.*

In this case, Young was found guilty of violating IDOC offense B-213, which prohibits an inmate from engaging in threatening conduct. The applicable rule delineates three types of inmate conduct that are considered to be threatening. The relevant part of the rule that Young was found guilty of violating prohibits an inmate from "[c]ommunicating to another person an intent to physically harm, harass or intimidate that person or someone else." Indiana Department of Correction, Adult

Disciplinary Process: Appendix I. *See*

https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf.

Caseworker Alexandria Matthys wrote a conduct report charging Young as follows:

> On 6/14/2018 at approximately 11:45 am, I Caseworker Alexandria Matthys, while having a conversation with an offender who was standing at my office door, overheard an offender in the dayroom shouting complaints. I got up to see what the issue was and found Offender Jerry Young DOC #900058 shouting things such as "other people have business to take care of!" At this time, the offender that was standing at my door left and another offender came in. While in the middle of a conversation with this offender, Offender Young forcefully entered my office and began shouting at me in an aggressive manner that made me fear for my safety. Offender Young had his fists clenched as he yelled, "you're not going to be talking to the same person for 30 minutes!" I gave Offender Young a direct order to leave my office and he continued to shout at me. I then reached for my office phone to call the officers for assistance and Offender Young left my office. The officers were informed of Young's hostile behavior and that I was in fear for my safety.

ECF 9-1 at 1. On June 18, 2018, Young was notified of the B-213 charge and served with a copy of the conduct and screening reports. ECF 9-1 at 1, 9-2 at 1. Young did not request a lay advocate or witnesses. ECF 9-2 at 1. However, he did request video evidence of the incident. *Id*.

Young's hearing was held on June 21, 2018. ECF 9-3 at 1. At the hearing, he pled not guilty and made the following statement: "I never clenched my fist or said anything to her. I feared for my safety too. I was there for [two] hours before I was locked up. I

have never threatened anyone." ECF 9-3 at 1. The hearing officer noted there was no video evidence of the incident. Therefore, on the basis of the conduct report and Young's statement, the hearing officer found Young guilty of violating offense B-213 and sanctioned him with a loss of 30 days earned credit time. *Id*.

In his petition, Young presents two grounds that he claims entitle him to habeas corpus relief. First, he argues that his due process rights were violated because his request for video evidence was denied. ECF 1 at 2. During his screening, Young requested video evidence to "show that [he] never went in [Ms. Matthys's] office [and his] fists were not clenched." ECF 9-2 at 1. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996).

However, contrary to Young's assertion, he was not denied the right to present evidence at his hearing. Rather, the evidence he requested did not exist. The hearing officer noted on the disciplinary hearing report that there was no video footage because there was no camera in the area where the incident occurred. ECF 9-3 at 1. Young also did not have a right to the creation of evidence that does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 566. *See also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); *Rhatigan v.*

*Ward*, 187 Fed. Appx. 889, 890-91 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances). Accordingly, Young's first ground does not state a basis for granting habeas corpus relief.

Young next argues that there was insufficient evidence for the hearing officer to find him guilty. ECF 1 at 2-3. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. That is the case here. In the conduct report, Ms. Matthys documented that, on June 14, 2018, while she was having a conversation with an inmate who was standing at her office door, she could overhear another offender in the dayroom shouting out complaints. ECF 9-1 at 1. She got up out of her chair to find out what was wrong and found Young shouting things such as "other people have business to take care of!" *Id*. The offender who had been standing at Ms. Matthys's door left, and then another person went into her office. *Id*. While Ms. Matthys was having a conversation with the second person, Young forcefully entered her office and began shouting at her in an aggressive manner. *Id*. He had his fists clenched as he shouted, "you're not going to be talking to the same person for 30 minutes!" *Id*. Ms. Matthys then gave Young a direct order to leave her office but he continued to shout at her. *Id*. She reached for her office phone to call prison officers for assistance and Young left her office. *Id*. Ms. Matthys informed the officers of Young's hostile behavior and that she feared for her safety. In light of the conduct report detailing the incident, there was more than "some evidence"

for the hearing officer to find that Young violated offense B-213 when he entered Ms. Matthys's office and shouted at her in an intimating, threatening, and aggressive manner, which caused her to fear for her safety.

Young claims that the incident was fabricated by another case manager and counselor from a different dormitory, who gave a statement to the shift supervisor, but did not witness the incident. ECF 1 at 3. Here Young is simply inviting the court to reweigh the evidence in this case. In other words, he is asking the court to credit his version of the events that the incident was fabricated and did not occur. However, the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has *some* factual basis. *Id*. Because the hearing officer considered all of the relevant evidence, there was no violation of Young's due process rights. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). Accordingly, the hearing officer's conclusion that Young was guilty was neither arbitrary nor unreasonable; therefore, his second ground does not identify a basis for granting habeas corpus relief.

Young hints at another claim when he tells me that his due process rights were violated because the "hearing officer was very partial in the decision and [imposing] sanctions [at the] hearing." ECF 1 at 3. Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper

Page 6

bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

There is no evidence in the record to support Young's claim that the hearing office was in someway biased against him. While he seems to assert that the hearing officer was biased because she did not credit his version of the incident, he has not shown that she was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Piggie*, 342 F.3d at 666. Because Young has failed to show that the hearing officer was in someway biased against him, he has not shown that his due process rights were violated.

Finally, Young has filed a motion claiming that the modification of his visitation privileges—the imposition of non-contact visits—following the finding of guilt in his disciplinary hearing is tantamount to an "atrocity" or a cruel act. ECF 8 at 1, 8-1 at 1-4. Here, he claims this additional sanction was wrongfully imposed as the hearing officer had already imposed disciplinary sanctions. *Id*. However, because the modification of his visitation privileges did not lengthen the duration of Young's confinement, he cannot challenge it in a habeas corpus proceeding. *Hadley v. Holmes*, 341 F.3d 661, 664

(7th Cir. 2003); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000). Therefore, the motion (ECF 8) will be denied.

If Young wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F. 3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY:

Jerry Wayne Young's petition for writ of habeas corpus (ECF 1) is DENIED and his motion titled "Motion to Show Evidence of Atrocity After Sanctions Imposed" (ECF 8) is also DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on January 17, 2020.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT
